UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARNOLD COLEMAN,

       Plaintiff,

v.                                                                  Case Number: 08-12993
                                                              Honorable Julian Abele Cook, Jr.

CANTON TOWNSHIP, et al.,

       Defendants.

## ORDER

This lawsuit arises out of charges by the Plaintiff, Arnold Coleman, that the Defendants, Canton Township, et al.,[1] subjected him to, among other things, false imprisonment and a multiple range of violations of his rights, privileges and immunities as secured by the United States Constitution, in violation of 42 U.S.C. § 1983.

There are three issues that are now pending before the Court, all of which arise from a decision on September 4, 2009 by a federal magistrate judge to partially grant (1) the Defendants' motion to dismiss and (2) the Plaintiff's motion for an order of default judgment.

I.

The Plaintiff initially objects to a decision by magistrate judge Virginia Morgan on September 4, 2009. In this now-challenged order, she granted partial relief to each of the parties

---

[1] The other Defendants in this lawsuit include the Canton Township Director of Public Safety, John Santomauro; and Canton Township police officers, Timothy Wright, Justin Arminiak, Brandon Hayford, and Michael Quinn. The Plaintiff submits that the remaining Defendants, whose first names have not been placed on the record, are also Canton Township police officers; namely, officer Gazie, officer Wilks, as well as officers John Doe and Mary Roe.

1

in which they sought relief as "the result of acrimonious discovery practice." (9/4/09 Order at 2). Treating both of the parties' requests as motions for discovery sanctions, the magistrate judge (1) rejected the Defendants' formal applications to dismiss the lawsuit with prejudice, but granted their request for an order which directed the Plaintiff to appear for a deposition on or before October 2, 2009, and (2) rejected the Plaintiff's request for the entry of a default judgment. In so doing, the magistrate judge directed the defense counsel to respond to the Plaintiff's discovery requests within a designated period of time, as mandated by the Federal Rules of Civil Procedure. *Id.*

In his opposition pleading, the Plaintiff says that his motion was incorrectly characterized by the magistrate judge as a non-dispositive application for relief. In his view, this failing by the magistrate judge caused her to unjustifiably (1) apply an incorrect legal standard, and (2) issue an erroneous order, as opposed to a "report and recommendation" as contemplated by 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(a). However, it should be obvious that a party's characterization of a motion as being "dispositive" or "non-dispositive" does not make it so. Otherwise, the classification of a motion by a party in this federal court would be subject to the control of creative litigants who could strategically label their pleadings in order to obtain a more favorable standard of review. Ultimately, the Plaintiff's motion simply asks the Court to impose sanctions upon the Defendants for perceived discovery violations. More significantly, he did not address the merits of the claims or defenses at issue. The magistrate judge ultimately rejected the Plaintiff's invitation to sanction the Defendants for their claimed misdeeds. Thus, this Court need not disturb the magistrate judge's decision because it is not "clearly erroneous or contrary to law." *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001).

Even assuming that the magistrate judge exceeded her authority by framing her opinion as

an order rather than as a report and recommendation, this Court, acting *de novo*, would have rendered the same result by rejecting the Plaintiff's request for the entry of a default judgment as a sanction. The Plaintiff's chief complaints about the Defendants' discovery practices are that the Defendants (1) insisted on pursuing discovery too early in the litigation process, (2) submitted Rule 26 disclosures that were, in his opinion, incomplete and untimely [filed one day late], (3) provided piecemeal and slow responses to his requests for the production of documents, (4) rendered incomplete and evasive answers to his interrogatories, (5) ignored and discarded other aspects of his discovery requests, (6) failed to disclose the names of thirteen witnesses in a timely manner, and (7) refused to produce the mug shots taken of him. As a sanction for these alleged violations, the Plaintiff sought to obtain a default judgment against the Defendants or, as an alternative, to prohibit them from introducing evidence in support of certain defenses. Fed. R. Civ. P. 37(b)(2)(A)[2] and

---

[2]Fed R. Civ. P. 37(b)(2)(A) provides, in pertinent part:

(b) Failure to Comply with a Court Order.

. . . .

    (2) Sanctions in the District Where the Action Is Pending.

    (A)    *For Not Obeying a Discovery Order.* If a party or a party's officer, director, or managing agent — or a witness designated under Rule 30(b)(6) or 31(a)(4) — fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

        (I)    directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

        (ii)    prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

        (iii)    striking pleadings in whole or in part;

37(c)(1).

After carefully reviewing the record, the Court finds that the Plaintiff's request for the extraordinary remedy of a default judgment is without merit. *See generally, United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 846 (6th Cir.1983) ("Judgment by default is a drastic step which should be resorted to only in the most extreme cases."). While the Plaintiff's pleadings on this issue are replete with hyperbole and inflammatory accusations, the record suggests that he is requesting significant relief on the basis of what appears to be - at best - de minimis violations. To be clear, this Court does not condone violations of its orders or of the rules which govern discovery. Nevertheless, the conduct complained of here does not rise to a level of seriousness which would warrant the entry of a judgment in the Plaintiff's favor.

In the view of this Court, the alleged misconduct with the most potential prejudice to the Plaintiff involved the purported withholding of documents and the names of thirteen witnesses. Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure provides that, without awaiting a discovery request, a party must provide "the name and, if known, the address and telephone number of each individual likely to have discoverable information - along with the subjects of that information - that the disclosing party may use to support its claims or defenses . . . ." Furthermore,

---

(iv)    staying further proceedings until the order is obeyed;

(v)    dismissing the action or proceeding in whole or in part;

(vi)    rendering a default judgment against the disobedient party; or

(vii)    treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Rule 26(e) requires a party to supplement its initial Rule 26(a) disclosures if it learns that the previous disclosures were inaccurate or incomplete. Fed. R. Civ. P. 26(e)(1).[3] Rule 37(c)(1) vests the Court with broad authority to fashion an appropriate remedy for the failure of a litigant to comply with Rule 26(a) or 26(e):

> If a party fails to provide information or identify a witness as required by Rule 26(a) or 26(e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court . . . may impose other appropriate sanctions . . . .

Fed. R. Civ. P. 37(c)(1). The Sixth Circuit Court of Appeals has recognized that Rule 37(c)(1) requires "absolute compliance with Rule 26(a), that is, it 'mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified.'" *R.C. Olmstead, Inc., v. CU Interface, LLC*, 606 F.3d 262, 271 -272 (6th Cir. 2010). The burden is on the potentially sanctioned party to prove harmlessness. *Id* at 272. However, applying this test here reveals that - even accepting the Plaintiff's characterizations - the Defendants' counsel ultimately turned over the documents as he received them from his client, and identified the relevant thirteen witnesses on May 5, 2009 and June 17, 2009, well before the September 25, 2009 deadline for doing so, and prior to the close of the October 9, 2009 discovery

---

[3]Fed. R. Civ. P. 26(e)(1) reads as follows:

A party who has made a disclosure under Rule 26(a) — or who has responded to an interrogatory, request for production, or request for admission — must supplement or correct its disclosure or response:

(A)  in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing . . . .

5

deadline. Based on these facts, the Court agrees with the magistrate judge and finds the alleged discovery abuses to be harmless. Therefore, the Plaintiff's objections to the magistrate's decision must be, and are, rejected.

II.

As indicated above, the magistrate judge, in her order of September 4, 2009, directed the Plaintiff to submit himself for a deposition on or before October 2, 2009. Such an order was necessary after the Plaintiff had failed or refused to be deposed, even after specifically being ordered (on June 11, 2009) to do so by the magistrate judge.

The magistrate judge specifically noted that if the Plaintiff failed to appear for deposition or became otherwise unavailable, the Defendants could renew their previously filed motion to dismiss the lawsuit based on his alleged refusal to be deposed. The magistrate judge opined:

> So your person's deposition is going to be taken within thirty days. You can re-serve, or serve for the first time, or however you want to characterize it, that discovery, and he will answer them, reserving the right to make any objections he deems appropriate, and he will give it to you, but that is not contingent on your person's having his deposition taken in thirty days.
>
> If his deposition is not taken in thirty days, then I'm going to permit the defendant to renew his motion for dispositive relief.
>
> It's premature to dismiss this case at this time because the plaintiff has not had notice that failure to comply could result in dismissal. I am saying that now, and I expect you to advise your plaintiff of that, that failure to attend his deposition – I'm going to ask Mr. Acho to give three dates within the next thirty days that – and if there's a problem, you can call us back, but if you can't put together three days that are mutually agreeable and your guy show [sic] up on one of them, then you're really going to have to show why.
>
> So your person is going to have his deposition taken within the next thirty days . . . . if it doesn't happen, Defendant can renew the motion for summary – or for dismissal. (Transcript of September 2, 2009 hearing at 13-14).

The Defendants claim that the Plaintiff never responded to their letter of September 2, 2009

6

in which they provided him with three proposed dates for the deposition (to wit, September 11, 2009, September 23, 2009, and September 29, 2009). According to the Defendants, the Plaintiff, while responding with a letter to them on September 8, 2009 in which he expressed his intention to object to the September 4th order by the magistrate judge, said nothing about attending a deposition.

As noted earlier, the Plaintiff filed his objections on September 21, 2009. Yet, having filed no request to stay the implementation of the September 4th order, the October 2, 2009 deposition deadline passed without the Plaintiff being deposed. Perhaps in anticipation of the Plaintiff's conduct, the Defendants renewed their request on October 1, 2009 to dismiss this lawsuit on the basis of his alleged lack of cooperation. On October 5, 2009, the Plaintiff filed a pleading, which if granted, would have resulted in a stay of the September 4, 2009 order.

As the Defendants correctly note, there are four factors that the Court should consider when fashioning an appropriate remedy for a party's failure to comply with a discovery order; namely, whether (1) the failure is due to willfulness, bad faith, or fault, (2) the opponent sustained a prejudice, (3) the party was warned that failure to cooperate could lead to the imposition of a sanction, and (4) less drastic sanctions were first considered or imposed. *Regional Refuse Sytems, Inc. v. Inland Reclamation Co.,* 842 F.2d 150, 154-55 (6th Cir. 1988) (superseded by statute on other grounds). Here, the Plaintiff contends that his refusal to submit to discovery is justified by the existence of his timely filed objections to the magistrate judge's September 4, 2009 order and his request for a stay of the implementation of that order. Although the Court is somewhat skeptical of the Plaintiff's explanation in light of his belated stay request, it will grant him the benefit of the doubt on this factor.

As to the second factor, however, the Court finds that the Plaintiff's failure has prejudiced the Defendants. This lawsuit involves allegations that the Defendants subjected the Plaintiff to an unlawful arrest. The very nature of the complaint makes it critical for the Defendants to be able to fully examine the Plaintiff and test the factual basis for his claims. Moreover, the Plaintiff's refusal to be deposed prevented the examination of other witnesses in this matter, inasmuch as the magistrate judge had previously ordered on June 11, 2009 that his deposition must occur first. Inasmuch as his conduct has hampered the entire progress of this litigation, this factor weighs heavily in favor of the Defendants.

Similarly, the third factor weighs in favor of the Defendants, inasmuch as the magistrate judge openly warned the Plaintiff that the dismissal of his claims was a potential sanction for any continued failure to comply with her directives.

That notwithstanding, an application of the fourth factor weighs in favor of the Plaintiff to the extent that the only sanction other than dismissal that has been considered by the Court was a verbal warning issued by the magistrate judge.

As is the case with issuing a default judgment, the outright dismissal of a plaintiff's lawsuit is an extreme remedy which is reserved for only the most egregious of violations. *See generally, Freeland v. Amigo*, 103 F.3d 1271, 1276-77 (6th Cir. 1997). Thus, while the Court appreciates the defense counsel's frustration with the Plaintiff and/or his counsel, it declines the invitation to impose such a harsh remedy here.

III.

The third and final matter to be addressed is the Plaintiff's request for a stay pending a resolution of his objections by the Court. However, aside from continuing to challenge the merits

8

of the magistrate judge's ruling, the Plaintiff has not provided the Court with any legal argument or authority that would explain why a stay would be warranted under the circumstances. Inasmuch as the Court is not required to search the case law to find authority to support an under-developed claim by one of the parties, the Plaintiff's motion to stay the magistrate judge's order of September 4, 2009 must be, and is, denied.

IV.

For the foregoing reasons, the Plaintiff's objections to the September 4, 2009 order of the magistrate judge are denied. The Defendant's renewed motion to dismiss (Docket Entry No. 44) the Plaintiff's lawsuit is denied. Finally, the Plaintiff's motion to stay the magistrate judge's order of September 4, 2009 (Docket Entry No. 45) is denied.

The Court extends the discovery period until November 12, 2010 to allow the parties, amongst other things, to complete their depositions in this case. There is no need for the Plaintiff to be deposed first. Moreover, the Plaintiff is forewarned that if he fails to submit himself for a deposition on or before November 12, 2010, the Plaintiff will be (1) precluded from providing any written or oral testimony in support of his claims and (2) sanctioned in any other manner that the Court deems appropriate, including and up to having his law suit against the Defendants dismissed with prejudice.

The parties will have until December 13, 2010 to file any dispositive motions in this case.

IT IS SO ORDERED.

9

Dated: September 30, 2010  s/Julian Abele Cook, Jr.
     Detroit, Michigan  JULIAN ABELE COOK, JR.
                     United States District Court Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on September 30, 2010.

                     s/ Kay Doaks
                     Case Manager